IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTHEW GUESS                                                  PLAINTIFF

v.                      Civil No. 2:19-CV-02090

MCBROOM, WILLIAM HOLLENBECK,                    DEFENDANTS
and DOE JAIL ADMINISTRATOR

## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to provide an Amended Complaint and to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on July 12, 2019. (ECF No. 2). It was transferred to this District on July 15, 2019. (ECF No. 4, 5). On July 16, 2019, the Court entered Orders directing Plaintiff to provide a completed IFP application and an Amended Complaint by August 6, 2019. In both Orders, Plaintiff was advised that his case would be subject to dismissal if he failed to submit the documents by the deadline. (ECF No. 7, 8). Plaintiff provided an IFP application on July 29, 2019, and was granted IFP status. (ECF No. 9, 10). Plaintiff has not, however, submitted an Amended Complaint, and has not otherwise communicated with the Court concerning his Amended Complaint.

### II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**IT IS SO ORDERED this 19th day of August 2019**.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE